### A01A0762. HUBERT v. FALCONER et al.
(545 SE2d 680)

PHIPPS, Judge.

Dorothy Hubert sought medical treatment from Dr. Walter Falconer. Based on his review of diagnostic studies performed by other health care providers, Dr. Falconer removed her left kidney. After the pathology report showed removal of the kidney to have been unnecessary, Hubert sued Dr. Falconer and his group practice for medical malpractice. Hubert also asserted a battery claim, alleging that Dr. Falconer obtained her consent through ambivalent disclosures in the informed consent form. Hubert appeals the judgment entered on a jury verdict in Dr. Falconer's favor, as well as the order denying her motion for new trial. We find no error and affirm.

1. Hubert first complains of the court's refusal to give a corrective jury instruction.

---

[8] See *In the Interest of A. Q. H.*, 239 Ga. App. 865 (522 SE2d 264) (1999).

Relying on *Harris v. Tatum*,[1] Hubert asked the trial court to charge the jury that "as there generally exists an inequality of bargaining position as between a medical patient and . . . [a] physician, any ambiguity in the consent document should be construed as against [the physician]."[2] The court instructed the jury to resolve any ambiguity in the consent document against the doctor "if" there existed an inequality of bargaining position.

Because an inequality of bargaining position between patient and doctor does not invariably exist, the charge as given substantially covered the principles in the request. The court did not err in refusing to give a corrective charge.[3]

2. Hubert's next complaint arises primarily from the admission of hearsay testimony relating to the diagnosis of her condition by health care providers other than Dr. Falconer.

This testimony was admitted to explain Hubert's conduct in seeking treatment from Dr. Falconer. In response to a motion in limine brought by Hubert, the court prohibited the defense from using the hearsay statements to prove the truth of the matters asserted. Hubert contends that the court erred in allowing defense counsel to violate its ruling during closing argument. A review of the transcript shows that defense counsel was challenging the accuracy of comments by Hubert's attorney concerning the substance of these statements and arguing that, if the out-of-court declarants had made the statements attributed to them by opposing counsel, Hubert would have called them to testify. We find no violation of the court's ruling on the motion in limine.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2001.

*Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn*, for appellees.

---

[1] 216 Ga. App. 607 (455 SE2d 124) (1995).
[2] Id. at 609 (1) (b).
[3] See *Wadkins v. Smallwood*, 243 Ga. App. 134, 140 (5) (a) (530 SE2d 498) (2000).